F I L E D
UNITED STATES DISTRICT COURT
DENVER, COLORADO

JUL 28 2011

GREGORY C. LANGHAM
CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-01458-BNB

GARY DEWILLIAMS,

    Plaintiff,

v.

JOHN F. WALSH, United States Attorney, District of Colorado, and
HIS PREDECESSORS,

    Defendants.

## ORDER OF DISMISSAL

Plaintiff, Gary DeWilliams, is a prisoner in the custody of the United States Bureau of Prisons who currently is incarcerated at the Federal Correctional Institution in Littleton, Colorado. Mr. DeWilliams filed *pro se* an action in the nature of mandamus titled "Writ of Mandamus Pursuant to 28 U.S.C. § 1361, 28 U.S.C. § 1331 Federal Question, and Declaratory Judgment 28 U.S.C. § 2201" challenging the validity of his criminal conviction and sentence imposed by this Court.

Mr. DeWilliams has been granted leave to proceed pursuant to the federal *in forma pauperis* statute, 28 U.S.C. § 1915. Subsection (e)(2)(B) of § 1915 requires a court to dismiss *sua sponte* an action at any time if the action is frivolous, malicious, or seeks monetary relief against a defendant who is immune from such relief. A legally frivolous claim is one in which the plaintiff asserts the violation of a legal interest that clearly does not exist or asserts facts that do not support an arguable claim. *Neitzke v. Williams*, 490 U.S. 319, 324 (1989).

Mr. DeWilliams is cautioned that his ability to file a civil action or appeal in federal court *in forma pauperis* pursuant to § 1915 may be barred if he has three or more actions or appeals in any federal court that were dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(g). Under § 1915(g), the Court may count dismissals entered prior to the enactment of this statute. *Green v. Nottingham*, 90 F.3d 415, 420 (10th Cir. 1996).

The Court must construe Mr. DeWilliams' filings liberally because he is a *pro se* litigant. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as a *pro se* litigant's advocate. *See Hall*, 935 F.2d at 1110. For the reasons stated below, the action in the nature of mandamus will be dismissed pursuant to § 1915(e)(2)(B) as legally frivolous.

Mr. DeWilliams asks this Court to compel the United States Attorney to refrain from exercising the judgment in his criminal case. Mr. DeWilliams pleaded guilty to one count of bank robbery in violation of 18 U.S.C. § 2113(a) and (d) and one count of false statement in violation of 18 U.S.C. § 1001 in *United States v. DeWilliams*, No. 88-cr-00064-ZLW-1 (D. Colo. Aug. 25, 1988).

On August 3, 1988, he was sentenced to a total of twenty-five years in prison. On August 25, 1988, the Court entered a "Clarification of Judgment" that Mr. DeWilliams' sentence had been imposed under the law that pre-existed the United States Sentencing Commission's promulgation of sentencing guidelines. The Court's ruling was based on its determination that the sentencing guidelines were

unconstitutional. However, in January 1989, the Supreme Court issued its opinion in *Mistretta v. United States*, 488 U.S. 361 (1989), holding the guidelines to be constitutional.

Mr. DeWilliams appealed directly to the United States Court of Appeals for the Tenth Circuit (Tenth Circuit), claiming that this Court should have allowed him to withdraw his guilty plea pursuant to Rule 32(d) of the Federal Rules of Criminal Procedure, or at least the Court should have granted him an evidentiary hearing to allow him to demonstrate fair and just reasons for a plea withdrawal. In affirming this Court's conviction, the Tenth Circuit found that the district court conducted a proper Fed. R. Crim. P. 11 hearing, and that Mr. DeWilliams failed to present any substantial reasons to warrant either an evidentiary hearing on the motion to withdraw his guilty plea or fair and just reasons to grant such a motion. *United States v. DeWilliams*, No. 88-2225 (10th Cir. Jan. 23, 1990) (not selected for publication). On June 4, 1990, the United States Supreme Court denied certiorari review.

Approximately fifteen years later, on August 8, 2005, Mr. DeWilliams filed in No. 88-cr-00064-ZLW-1 a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 and a petition for writ of *coram nobis* seeking to be resentenced under the sentencing guidelines. He based his claim on *Mistretta*. On August 31, 2005, this Court denied the § 2255 motion as time barred. The Court also denied the *coram nobis* petition, finding it was simply an attempt to circumvent the time limitation contained in § 2255.

Undeterred, on September 19, 2005, Mr. DeWilliams filed *pro se* in No. 88-cr-

00064-ZLW-1 a motion to correct an illegal or unauthorized sentence pursuant to Fed. R. Crim. P. 35(a), raising the same argument as in the § 2255 motion and *coram nobis* petition. On October 27, 2005, the Court denied the motion, concluding that Fed. R. Crim. P. 35(a) did not afford an avenue for relief. The Tenth Circuit affirmed. *See United States v. DeWilliams*, No. 05-1495, 178 Fed. Appx. 819 (10th Cir. May 4, 2006) (unpublished).

On April 28, 2008, Mr. DeWilliams filed in No. 88-cr-00064-ZLW-1 a motion titled "Motion to Amend or Modify Sentence Retroactively Pursuant to *Mistretta v. United States*, 488 U.S. 361 Decided on January 18, 1989," which the Court summarily denied on May 16, 2008, noting it "contains the same arguments previously presented before this Court. [The] requested relief remains time barred under 28 U.S.C. § 2255 and relief continues to be unavailable . . . under Fed. R. Crim. P. 35(a)." On November 13, 2008, the Tenth Circuit dismissed the appeal, characterizing the motion to amend or modify sentence filed in this Court as a second or successive § 2255 motion, denying Mr. DeWilliams leave to proceed *in forma pauperis* on appeal, and directing him to pay the filing fee in full. *See United States v. DeWilliams*, No. 08-1223, 299 Fed. Appx. 801 (10th Cir. Nov. 13, 2008).

In the meantime, on December 3, 2007, Mr. DeWilliams filed a 28 U.S.C. § 2241 habeas corpus application in this Court, which denied the application on September 30, 2009, noting that the application was "thinly veiled," "brought in title only under 28 U.S.C. § 2241," and "again [sought] vainly to achieve time-barred relief under 28 U.S.C. § 2255." *See DeWilliams v. Davis*, No. 07-cv-02513-REB-MJW, slip op. at 2 (D. Colo.

Sept. 30, 2009) (unpublished) (ECF No. 68). On March 16, 2010, the Tenth Circuit agreed with the district court's characterization of Mr. DeWilliams § 2241 application, determined the application was really an unauthorized successive motion for relief under § 2255, vacated the district court's ruling denying the § 2241 application, treated Mr. DeWilliams' notice of appeal and appellate brief as an implied application for leave to file a successive § 2255 motion, and denied such leave because Mr. DeWilliams failed to come forth with newly discovered evidence or a new rule of law applicable retroactively to his case pursuant to 28 U.S.C. § 2255(h). *See DeWilliams v. Davis*, No. 09-1449, 369 Fed. App'x 912, 914 (10th Cir. Mar. 16, 2010).

On February 25, 2011, Mr. DeWilliams again filed a habeas corpus application pursuant to § 2241 challenging the validity of his criminal conviction and sentence. The Court denied the application and dismissed the action for lack of jurisdiction as an unauthorized successive motion for relief under § 2255. *See DeWilliams v. Garcia*, No. 11-cv-00480-LTB (D. Colo. June 17, 2011) (ECF No. 20). The Court, quoting No. 07-cv-02513-REB-MJW, slip op. at 2 (ECF No. 68), noted that No. 11-cv-00480-LTB was another "'thinly veiled application, which is brought in title only under § 2241, . . . seek[ing] vainly to achieve time barred relief under § 2255." *See* No. 11-cv-00480-LTB, slip ap. at 6 (ECF No. 20).

Mr. DeWilliams' mandamus action is yet another thinly veiled attempt to challenge the same conviction he previously has challenged on direct appeal and through postconviction collateral attacks.

Pursuant to § 1361, the district courts have original jurisdiction of any action in

the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff. The common-law writ of mandamus, as codified in § 1361, is intended to provide a remedy for a plaintiff only if he has exhausted all other avenues of relief and only if the defendant owes him a clear nondiscretionary duty. **Heckler v. Ringer**, 466 U.S. 602, 616 (1984); *see also* **Pittston Coal Group v. Sebben**, 488 U.S. 105, 121 (1988) (mandamus will "issue only to compel the performance of a clear nondiscretionary duty.") "Mandamus is a drastic remedy, available only in extraordinary circumstances. Furthermore, the writ is not available when review by other means is possible." **W. Shoshone Bus. Council v. Babbitt**, 1 F.3d 1052, 1059 (10th Cir. 1993) (citations omitted). "To grant mandamus relief, the court must find (1) a clear right in the plaintiff to the relief sought; (2) a plainly defined and preemptory duty on the part of the defendant to do the action in question; and (3) no other adequate remedy is available." **Wilder v. Prokop**, 846 F.2d 613, 620 (10th Cir. 1988).

In the instant action, Mr. DeWilliams has not presented the Court with an extraordinary situation mandating mandamus relief. He has no clear right to the relief sought, the named Defendant does not owe him a clear nondiscretionary duty, and he already has pursued other adequate remedy. The action will be dismissed as legally frivolous.

Accordingly, it is

ORDERED that the action in the nature of mandamus, which Plaintiff, Gary DeWilliams, has titled "Writ of Mandamus Pursuant to 28 U.S.C. § 1361, 28 U.S.C. §

1331 Federal Question, and Declaratory Judgment 28 U.S.C. § 2201" is dismissed as legally frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B). It is

**FURTHER ORDERED that Plaintiff remains obligated to pay the full amount of the required filing fee assessed and owed in this action, if such fee is not yet paid in full. If Plaintiff fails to stay current with his payment obligations in this action, the Court may apply all or part of the filing fee payments tendered in any action Plaintiff initiates subsequent to initiating this action to satisfy the filing fee debt owed here or in any other action Plaintiff already has initiated.**

DATED at Denver, Colorado, this __28th__ day of ___July___, 2011.

BY THE COURT:

___s/Lewis T. Babcock___
LEWIS T. BABCOCK, Senior Judge
United States District Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 11-cv-01458-BNB

Gary DeWilliams
Reg. No. 20666-013
FCI - Englewood
9595 West Quincy Ave.
Littleton, CO 80123

    I hereby certify that I have mailed a copy of the **ORDER AND JUDGMENT** to the above-named individuals on July 28, 2011.

GREGORY C. LANGHAM, CLERK

By: _____
           Deputy Clerk