FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

AUG 2 4 2011

GREGORY C. LANGHAM
CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-01458-LTB

GARY DEWILLIAMS,

    Plaintiff,

v.

JOHN F. WALSH, United States Attorney, District of Colorado, and
HIS PREDECESSORS,

    Defendants.

## ORDER DENYING MOTION TO RECONSIDER

Plaintiff, Gary DeWilliams, filed *pro se* on August 16, 2011, a motion to reconsider titled "Motion for Relief Pursuant to Ref. [sic] R. Civ. P. 60(d)(3)," and a supporting affidavit and memorandum. Mr. DeWilliams asks the Court to reconsider the July 28, 2011, order, which dismissed the action in the nature of mandamus as legally frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B). Judgment was entered on the same day.

The Court must construe liberally Mr. DeWilliams' filings because he is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). For the reasons stated below, the motion to reconsider will be treated as a motion pursuant to Rule 59(e) of the Federal Rules of Civil Procedure, and denied.

A litigant subject to an adverse judgment, and who seeks reconsideration by the district court of that adverse judgment, may "file either a motion to alter or amend the

judgment pursuant to Fed. R. Civ. P. 59(e) or a motion seeking relief from the judgment pursuant to Fed. R. Civ. P. 60(b)." ***Van Skiver v. United States***, 952 F.2d 1241, 1243 (10th Cir. 1991). A motion to alter or amend the judgment must be filed within twenty-eight days after the judgment is entered. *See* Fed. R. Civ. P. 59(e). The Court will consider Mr. DeWilliams' motion to reconsider pursuant to Rule 59(e) because it was filed within twenty-eight days after the judgment was entered in this action on July 28. *See Van Skiver*, 952 F.2d at 1243 (stating that motion to reconsider filed within ten-day limit for filing a Rule 59(e) motion under prior version of that rule should be construed as a Rule 59(e) motion).

The three major grounds that justify reconsideration are: (1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice. ***See Servants of the Paraclete v. Does***, 204 F.3d 1005, 1012 (10th Cir. 2000).

The Court dismissed the instant action as legally frivolous because Mr. DeWilliams failed to present the Court with an extraordinary situation mandating mandamus relief. The reasons for the dismissal are discussed in detail in the July 28 dismissal order. Upon consideration of the motion to reconsider and the entire file, the Court finds that Mr. DeWilliams fails to demonstrate some reason why the Court should reconsider and vacate the order to dismiss this action. Mr. DeWilliams fails to demonstrate the existence of an intervening change in controlling law or new evidence and he fails to convince the Court of any need to correct clear error or prevent manifest injustice. Therefore, the liberally construed motion to reconsider pursuant to Fed. R.

Civ. P. 59(e) will be denied.

Accordingly, it is

ORDERED that the motion to reconsider, titled "Motion for Relief Pursuant to Ref. [sic] R. Civ. P. 60(d)(3)," that Plaintiff, Gary DeWilliams, filed *pro se* on August 16, 2011, and which the Court has treated as a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e), is denied.

DATED at Denver, Colorado, this __24th__ day of ___August___, 2011.

BY THE COURT:

__s/Lewis T. Babcock__
LEWIS T. BABCOCK
Senior Judge, United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 11-cv-01458-BNB

Gary DeWilliams
Reg. No. 20666-013
FCI - Englewood
9595 West Quincy Ave.
Littleton, CO 80123

    I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on August 24, 2011.

GREGORY C. LANGHAM, CLERK

By: _____
Deputy Clerk